Citation Nr: 1817428 
Decision Date: 03/23/18 Archive Date: 04/03/18

DOCKET NO. 14-02 505 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUES

1. Entitlement to compensation under the provisions of 38 U.S.C. § 1151 for postoperative residuals of circumcision performed at a VA Medical Center in July 2010.

2. Entitlement to service connection for a low back disorder.


REPRESENTATION

Veteran represented by: David A. Standridge, Jr., Attorney-at-Law


ATTORNEY FOR THE BOARD

G. E. Wilkerson, Counsel



INTRODUCTION

The Veteran served on active duty from April 1968 to June 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico. 

The issue of entitlement to service connection for a low back disorder is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

In a February 2018 written correspondence, the Veteran's attorney withdrew from appeal the issue of entitlement to compensation under the provisions of 38 U.S.C. § 1151for postoperative residuals of circumcision performed at a VA Medical Center in July 2010.


CONCLUSION OF LAW

The criteria for withdrawal by the Veteran of a Substantive Appeal pertinent to the issue of entitlement to compensation under the provisions of 38 U.S.C. § 1151 for postoperative residuals of circumcision performed at a VA Medical Center in July 2010 have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that under 38 U.S.C. § 7105, the Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. A Substantive Appeal may be withdrawn on the record at a hearing or in writing at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. Id. 

In a February 2018 written correspondence, the Veteran's attorney indicated that he wished to withdraw his appeal as to the issue of entitlement to compensation under the provisions of 38 U.S.C. § 1151 for postoperative residuals of circumcision performed at a VA Medical Center in July 2010, and that he was only continuing his appeal with respect to his low back claim.

As the Veteran has withdrawn the matter, there remain no allegations of errors of fact or law for appellate consideration with respect to the § 1151 claim at this time. Accordingly, the Board does not have jurisdiction to review this issue on appeal, and it is dismissed.


ORDER

The appeal as to the issue of entitlement to compensation under the provisions of 38 U.S.C. § 1151 for postoperative residuals of circumcision performed at a VA Medical Center in July 2010 is dismissed.



REMAND

Although the Board regrets the delay, upon review of the claims file, the Board finds that additional development on the remaining claim on appeal is warranted.

The Veteran contends that he initially injured his back in service, and while subsequent medical records document post-service injury, the initial in-service injury weakened his back and contributed to the pain he currently experiences.

Service treatment records do document the Veteran's complaint of back problems in June 1968. There is no indication of further complaint, treatment or diagnosis with respect to the low back in service.

Post-service private treatment record and records associated with the Veteran's claim for Social Security Administration (SSA) disability benefits also reflects various post-service back injuries. He reportedly injured his back in September 1987 while working as a lineman. He was subsequently involved in a motor vehicle accident in September 1989. MRI in 1989 showed right-sided L3-4 disc herniation with prolapse and moderate right-sided L4 root compression and bilateral L5-S1 spondylosis. In January 1994, the Veteran was involved in an accident in which he was knocked down by a car driven by his daughter and fell onto his buttocks and back. Old thoracic spondylosis was noted at thst time.

On VA treatment in April 2010, the Veteran reported a history of disc herniation for many years. He was assessed with degenerative joint disease.

A September 2010 VA MRI revealed degenerative disc changes, severe bilateral neural foraminal stenosis and facet arthroplasty. 

A January 2012 VA report reflects assessment of chronic low back pain with lumbar stenosis. A March 2013 VA primary care report reflects assessment of degenerative joint disease of the lumbar spine.

An October 2015 statement from Dr. G. indicates that she reviewed the Veteran's records, and noted in-service complaints regarding the back, as well as multiple traumas after service, including two motor vehicle accidents and a work injury. Degenerative changes were noted throughout the years. She concurred that there was no apparent diagnosis of back disability in service, but noted that the Veteran's treatment over the years showed congoing treatment for lumbar-related pain.

The Board notes that the Veteran has not been afforded an examination to determine the nature and etiology of the claimed low back disorder. Given the complaints noted in service, and the Veteran's report of continued back pain prior to the post-service injuries, the Board finds that an examination with medical opinion based on full consideration of the Veteran's documented medical history and assertions, and supported by clearly-stated rationale would be helpful in resolving the claim for service connection. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159.

Accordingly, the case is REMANDED for the following action:

1. Assist the Veteran in associating with the claims folder updated treatment records, including any outstanding VA treatment records.

2. The AOJ should refer the electronic claims file to an appropriate medical professional for examination pertaining to the claimed low back disorder. The entire claims file must be made available to the designated examiner. All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail.

The examiner should identify any low back disorder(s). Then, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any diagnosed low back disorder had its onset in service or within one year of discharge from service, or is otherwise medically related to service, to include the report of back problems therein.

The examiner is also advised that the Veteran is competent to report symptoms and treatment, and that his reports must be taken into account, along with the other evidence of record, in formulating the requested opinion. The examiner should consider and address the Veteran's report of onset of back symptoms in service that continued prior to the post-service injuries and predisposed him to further injury.

The examiner should set forth all examination findings, along with the complete rationale for any conclusions reached.

3. After completing any additional notification or development deemed necessary, the AOJ should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided a Supplemental Statement of the Case and afforded the requisite opportunity to respond before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs